### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ENCO SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00039-SNLJ |
| | ) | |
| DaVINCIA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### DAVINCIA, LLC'S RESPONSE TO ENCO'S NOTICE
### OF SUPPLEMENTAL AUTHORITY (DKT. 32)

Enco's notice of supplemental authority is procedurally improper, but in any event the authority that Enco cites has little, if any, bearing on DaVincia's pending motion to dismiss.

*First*, Enco styles its submission as "supplemental authority," but it is not. The *Carrum* case that Enco submits to the Court issued on April 22, 2019—nearly two months *before* Enco filed its opposition brief on June 17, 2019 (Dkt. 27). Whether strategically or by lack of diligence, Enco failed to cite *Carrum* when it could have and should have done so. Enco's attempt to backfill the record should be denied.

*Second*, the persuasive value of the *Carrum* decision is minimal at best. It is not binding authority, but rather an interlocutory order from another district court. It makes no attempt to, and cannot, overturn or set aside the numerous binding Federal Circuit opinions that DaVincia cited in support of its motion and that speak directly to the question of the validity of the asserted Enco patent under 35 U.S.C. §101.

1

*Third*, *Carrum* is distinguishable. Enco's patent claims are directed to the unpatentable abstract idea of replacing a human stenographer with a general purpose computer running off-the-shelf software in an otherwise conventional captioning system. The *Carrum* patents are remarkably different. They relate to adaptive cruise control systems for vehicles that meaningfully implement lateral acceleration sensors in an otherwise unconventional way. Dkt. 32-1 at 1, 2, 7. One of the claims, for example, recites the steps of "measuring a lateral acceleration from a lateral acceleration sensor," "detecting a change in a vehicle lateral acceleration," "determining whether the vehicle is in a turn based on the detected change in the vehicle lateral acceleration," and "reducing the vehicle speed according to [a] determination that the vehicle is in [a] turn and the detected change in the vehicle lateral acceleration." *Id.* at 2. Far from a general purpose computer running known software to speed up a mental process, this system, although it may operate as an "alternative method" to what humans could do, was not unpatentable because it is directed to "a tangible system…with observable real-world impact." *Id.* at 7.

*Finally*, if anything, since the briefing on DaVincia's motion to dismiss concluded, the law has advanced in DaVincia's favor. In its opposition brief, Enco criticized the Federal Circuit's decision in *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759 (Fed. Cir. 2019), calling it "uniformly condemned by the patent bar" and unlikely to "survive further review." (Dkt. 27 at 14-15.) However, on July 23, 2019, the Federal Circuit denied ChargePoint's petition for panel rehearing and rehearing *en banc*.

                                              Respectfully submitted,

August 7, 2019                      */s/ Dennis J. Abdelnour # 6292242IL*
                                              J. Michael Huget #P39150MI
                                              HONIGMAN LLP
                                              315 East Eisenhower Parkway, Suite 100
                                              Ann Arbor, MI 48108
                                              Tel:  (734) 418-4254
                                              mhuget@honigman.com

                                              Dennis J. Abdelnour, #6292242IL
                                              HONIGMAN LLP
                                              155 North Wacker Drive, Suite 3100
                                              Chicago, IL 60606
                                              Tel: (312) 701-9348
                                              dabdelnour@honigman.com

                                              *Attorneys for Defendant DaVincia, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 7th day of August, 2019, a true and correct copy of the foregoing was filed with the Court using the CM/ECF system and service upon all participants in the case who are CM/ECF users will be accomplished by the operation of that system.

*/s/ Dennis J. Abdelnour*