UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **ENCO SYSTEMS, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00039-SNLJ |
| | ) |
| **DaVINCIA, LLC.,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Enco Systems, Inc.'s motion for reconsideration (ECF #37) under Rule 60(b)(1) and 60(b)(6).[1] For the following reasons, the motion is **DENIED**.

On March 20, 2020, this Court held that United States Patent No. 7,047,191 (the "191 Patent") is unpatentable under 35 U.S.C. § 101 as a mere abstract idea. *See Enco Sys., Inc. v. DaVincia, LLC*., -- F.Supp.3d --, 2020 WL 1323035 (E.D. Mo. Mar. 20,

---

[1] There is some argument whether Enco's Rule 60(b) motion should be entertained at all in that "it is not a vehicle for simple rearguments on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Certainly, Enco identifies no "extraordinary circumstances" for which to apply Rule 60(b)(6)—so that angle fails. See *Buck v. Davis*, 137 S.Ct. 759, 777 (2017) ("Rule 60(b)(6) is available only in *extraordinary* circumstances."). And, as understood by the brief, Enco's reliance on Rule 60(b)(1) is based on this Court's own purported inadvertence in failing to originally address certain of Enco's arguments. *See Lowry v. Mcdonnell Douglas Corp*., 211 F.3d 457, 461 (8th Cir. 2000) (noting Rule 60(b)(1), when alleging judicial error, is limited to "judicial inadvertence"). That, too, would be an inappropriate challenge—essentially a re-attack on the merits. In truth, this Court did not speak at length on Enco's arguments made the basis of its motion to reconsider because the Court found them to be a red herring. But, given the developing nature of Federal Circuit law on the appropriateness of granting Rule 12(b)(6) dismissals under Section 35 U.S.C. § 101—specifically from an opinion penned in 2018—this Court will briefly clarify why Enco's argument fails.

1

2020). The 191 Patent is summarized as a "method for providing captioning" using an "AV captioning system." In rejecting the 191 Patent, this Court explained that

> The 191 Patent takes a collection of "conventional," off-the-shelf computer components—a speech-to-text processor system, signal separation processing system, encoder, video camera, and display device—and proposes to replace humans with the coupled-together result. The patent does not endeavor to improve any particular component, nor does it offer a new intervening component within the larger system or a novel composition of the various components. In fact, like *Univ. of Fla. Research*, the components are interchangeable and the 191 Patent, therefore, suffers from the same high-level generalities and broad-form functional terminology as the unpatentable 251 Patent. As such, the 191 Patent is essentially a "do it on a computer" patent—a patent-ineligible abstract idea.
>
> *Id*. (citing *Univ. of Fla. Research Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363

(Fed. Cir. 2019)).

In seeking reconsideration, Enco chiefly relies on *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018). The argument goes that this Court failed to address the inappropriateness of "dismissal on § 101 grounds [] at the pleading stage [where] there are ***factual questions regarding whether the claimed invention was well understood, routine, and conventional***" at the time of patent application. (emphasis added). Enco says DaVincia "has not proven by clear and convincing evidence that the claim elements—standing alone and especially in combination—were well-understood, routine, and conventional." Enco closes its brief by reminding this Court that "the Federal Circuit will want this Court's assessment of this issue if and when Enco appeals."

*Berkheimer* is a cautionary tale to district courts that "[w]hether a claim recites patent eligible subject-matter is a question of law which ***may contain disputes over underlying facts***." *Id*. at 1368 (emphasis added). Of course, where there are underlying

2

factual disputes genuinely complicating a question of law—the so-called "mixed question of law and fact"—it is inappropriate to grant a motion to dismiss. *See Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121, 1128 (Fed. Cir. 2018) (referring to Section 101 eligibility determinations as a "question of law" that may possess "subsidiary fact questions" that render 12(b)(6) dismissals inappropriate); *see also BSG Tech, LLC. v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018) ("[w]e have recently held that whether a claim limitation or combination of limitations is well-understood, routine, and conventional is a factual question" that may create a "genuine dispute [that] precludes summary judgment that a claim is ineligible under § 101."). But, *Berkheimer* was careful to emphasize that "[p]atent eligibility has in many cases been resolved on motions to dismiss" and "[n]othing in this decision should be viewed as casting doubt on the propriety of those decisions." *Berkheimer*, 881 F.3d at 1368. *Berkheimer* mandates no absolute rule at the early pleading stage—either in favor of or against Rule 12(b)(6) dismissals. In fact, the Federal Circuit has affirmed Rule 12(b)(6) dismissals following *Berkheimer*. *See, e.g., Athena Diagnostics, Inc. v. Mayo Collaborative Servs., Inc.,* 915 F.3d 743 (Fed. Cir. 2019). The issue then, as later clarified by the Federal Circuit, comes down to this: are there "**specific**, **plausible** factual allegations [in the complaint]" that, when accepted as true (as must be done at the dismissal stage), demonstrate how "aspects of [the] claimed invention [are] not conventional." *Cellspin Soft, Inc. v. Fitbit, Inc.,* 927 F.3d 1306, 1317-1318 (Fed. Cir. 2019) (emphasis added); *see also Aatrix Software, Inc.,* 882 F.3d at 1128 (reversing a Rule 12(b)(6) dismissal where there were "***concrete allegations*** in the second amended complaint that individual elements and the claimed

3

combination are not well-understood, routine, or conventional activity" (emphasis added)).

There are no such "concrete allegations" in the complaint to embrace as true, *Aatrix Software, Inc*., 882 F.3d at 1128, and so there is no genuine factual dispute for which to render inappropriate a Rule 12(b)(6) dismissal. In fact, rather than providing "specific, plausible factual allegations" supporting the unconventionality of the invention, the complaint only generically references the 21 claims of the 191 Patent, which itself embraces both interchangeable "conventional" components **and** interchangeable "configurations" of those components. The 191 Patent boasts that it specifically does not call for "any special hardware other than what is presently available," and, having divorced itself from a specific or particular composition, there is no apparent unconventionality in "the claim[ed] elements['] combination" thereof. Therefore, while respecting *Berkheimer* and its progeny, this Court finds no reason to disturb its decision in this case. Enco's motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Enco Systems, Inc.'s motion for reconsideration (ECF #37) is **DENIED**.

So ordered this 5th day of May 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE